UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEROME DOWE-BEY,

        Plaintiff,

v.                                      Case Number 08-11038
                                        Honorable Thomas L. Ludington

ROBERT J. SATTLER, *et al.*,

        Defendants.
_____/

**ORDER DISMISSING PLAINTIFF'S COMPLAINT, DENYING PLAINTIFF'S REQUEST FOR WRIT OF QUO WARRANTO, AND DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND REQUEST FOR WRIT OF QUO WARRANTO**

      Plaintiff Jerome Dowe-Bey, presently confined at Marquette Branch Prison in Marquette, Michigan, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and a request for the writ of quo warranto. Defendants in this matter are: the State of Michigan; Michigan Governor Jennifer M. Granholm; Michigan Attorney General Mike Cox; the Michigan Department of Corrections and three state employees; Wayne County, Michigan; the City of Detroit, Michigan; the Detroit Police Department and several of its officers; the Wayne County Prosecutor's Office and several prosecutors; the Third Judicial Circuit Court in Detroit and two of its judges or former judges; the 36th District Court in Detroit and a district court judge; and certain witnesses.

      The complaint and request for the writ of quo warranto challenge Plaintiff's state conviction for first-degree murder. Plaintiff alleges that he is being illegally restrained in violation of his rights under the Fourth, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments to the United States Constitution. Specifically, he contends that the police fabricated evidence and that the prosecutor suppressed material evidence, used tainted evidence, and relied on suggestive identification

procedures to convict him. In addition, Plaintiff asserts that the judge and jurors were biased and that his trial and appellate attorneys were ineffective. He seeks monetary, declaratory, and injunctive relief, including release on bond and a new trial.

I

To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of state law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee for an action, his or her civil rights complaint against a governmental entity, officer, or employee may be dismissed in whole or in part if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (*citing* 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964-65 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (internal and end citations and footnote omitted).

II

The pending complaint and request for the writ of quo warranto are frivolous and fail to state a claim because they challenge Plaintiff's conviction, sentence, and present incarceration. His allegations would be more appropriate in a habeas corpus petition, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499 & 499 n. 14 (1973). Plaintiff has no right to relief in this civil rights action unless the order or judgment holding him in custody has been invalidated by state officials or impugned in a federal habeas corpus action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Plaintiff has not shown that the judgment holding him in custody has been invalidated by state officials or impugned on federal habeas corpus review, and success in this action would demonstrate the invalidity of his confinement. Therefore, he has no right to the relief he seeks.

III

Plaintiff's claims lack merit for several additional reasons. The State of Michigan and its Department of Corrections are immune from suit under the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam* opinion). The City of Detroit and Wayne County may be sued under § 1983, *see Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978); *Northern Ins. Co. of New York v. Chatham County, Ga.*, 547 U.S. 189, 193-94 (2006), but municipal

and county liability are limited to situations where an official policy or custom caused the alleged deprivation of constitutional rights. *Monell*, 436 U.S. at 694; *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007). "There must be 'a direct causal link' between the policy and the alleged constitutional violation such that the [City or] County's 'deliberate conduct' can be deemed the 'moving force' behind the violation. These stringent standards are 'necessary to avoid *de facto respondeat superior* liability explicitly prohibited by *Monell*." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) (internal and end citations omitted). Although Plaintiff alleges that the Detroit Police Department has a custom or policy of violating the civil rights of the citizens of Detroit, he has not identified a specific unconstitutional custom or policy. Nor has he connected that policy to the City of Detroit or to Wayne County and shown that the policy or custom caused his constitutional violation. Therefore, his claims against the City of Detroit and Wayne County fail. *Napier v. Madison County, Ky.*, 238 F.3d 739, 743 (6th Cir. 2001).

The Third Judicial Circuit Court is not a "person" within the meaning of § 1983. *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993); *Foster v. Walsh*, 864 F.2d 416, 418-19 (6th Cir. 1988). The defendants who are or were judges (David J. Allen, Thomas J. Shannon, and Kym L. Worthy) enjoy absolute immunity from damages liability for judicial actions taken in cases over which they had jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). They also enjoy immunity from injunctive relief. *See* 42 U.S.C. § 1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

The defendants who are or were prosecutors (Robert J. Sattler, Robert Hood, John D.

4

O'Hare, Mary Dufour Marrow, Timothy A. Baughman, and George E. Ward) enjoy absolute immunity from damages liability because their activities were "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The defendants who were witnesses against Plaintiff also enjoy absolute immunity. *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983).

Additionally, several defendants, including Governor Jennifer Granholm, Michigan Attorney General Mike Cox, Patricia L. Caruso, Leo Friedman, and warden Gerald Hofbauer, had no apparent involvement in the events about which Plaintiff complains. These defendants are dismissed because Plaintiff has not alleged with particularity what each of these defendants did to violate his rights. *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Allegations that are merely conclusory and lack factual specificity fail to state a claim. *Davis v. Mich. Dep't of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990) (Zatkoff, J.) (citing *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971)).

Finally, Plaintiff's motion to amend request for writ of quo warranto [Dkt. # 5] does not cure the deficiencies discussed above. For instance, Plaintiff still relies on 42 U.S.C. § 1983 as the means of relief. Thus, Plaintiff's motion to amend is moot.

IV

For all the reasons given above, Plaintiff's allegations lack an arguable basis under law and are frivolous. The allegations also fail to state a claim and seek money damages from Defendants who are immune from such relief.

Accordingly, it is **ORDERED** that the complaint [Dkt. # 1] is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

5

It is further **ORDERED** that Plaintiff's request for a writ of quo warranto [Dkt. # 4] is **DENIED**.

It is further **ORDERED** that Plaintiff's motion to amend the request for a writ of quo warranto [Dkt. # 5] is **DENIED** as moot.

It is further **ORDERED** that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                            s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

Dated: June 6, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 6, 2008.

                                    s/Tracy A. Jacobs
                                      TRACY A. JACOBS